**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI**

| | | |
|---|---|---|
| **THE KROGER CO., an Ohio Corporation** <br> **1014 Vine Street** <br> **Cincinnati, Ohio 45202,** | : <br><br> : | **Case No.:  1:10-CV-161** |
| | : | **Judge Beckwith** |
| **KROGER LIMITED PARTNERSHIP I,** <br> **an Ohio Limited Partnership** <br> **1014 Vine Street** <br> **Cincinnati, Ohio 45202,** | : <br><br> : <br><br> : | |
| **THE KROGER CO. OF MICHIGAN, a** <br> **Michigan Corporation** <br> **40399 Grand River Drive** <br> **Novi, Michigan 48375,** | : <br><br> : <br><br> : | **FIRST AMENDED COMPLAINT FOR** <br> **DECLARATORY JUDGMENT** |
| **KROGER TEXAS L.P., an Ohio Limited** <br> **Partnership** <br> **19245 David Memorial Drive** <br> **Shenandoah, Texas 77385,** | : <br><br> : <br><br> : | |
| **DILLON COMPANIES, INC., a Kansas** <br> **Corporation** <br> **2700 East 4th Street** <br> **Hutchinson, Kansas 67501,** | : <br><br> : <br><br> : | |
| **RALPHS GROCERY COMPANY, an** <br> **Ohio Corporation** <br> **1100 W. Artesia Boulevard** <br> **Compton, California 90220,** | : <br><br> : <br><br> : | |
| **FRED MEYER STORES, INC., an Ohio** <br> **Corporation** <br> **3800 S.E. 22nd Avenue** <br> **Portland, Oregon 97202,** | : <br><br> : <br><br> : | |
| **SMITH'S FOOD & DRUG CENTERS,** <br> **INC., an Ohio Corporation** <br> **1550 S. Redwood Road** <br> **Salt Lake City, Utah 84104,** | : <br><br> : <br><br> : | |
| | : | |

**KWIK SHOP, INC., a Kansas**                    :
**Corporation**
**734 E. 4th Street**                 :
**Hutchinson, Kansas 67501,**

                                                 :

**MINI MART, INC., a Wyoming**
**Corporation**                                  :
**442 Keeler Parkway**
**Pueblo, Colorado 81001,**                      :


**QUIK STOP MARKETS, INC., a**                   :
**California Corporation**
**4567 Enterprise Drive**                        :
**Fremont, California 94538,**

                                                 :

**JUNIOR FOOD STORES OF WEST**
**FLORIDA, INC., a Florida Corporation**         :
**619 8th Street**
**Crestview, Florida 32536,**                    :


**TURKEY HILL, L.P., a Pennsylvania**            :
**Limited Partnership**
**257 Centerville Road**                         :
**Lancaster, Pennsylvania 17603,**

                                                 :

**ALPHA BETA COMPANY, a California**
**Corporation**                                  :
**1100 W. Artesia Boulevard**
**Compton, California 90220,**                   :


**BAY AREA WAREHOUSE STORES,**                   :
**INC., a California Corporation**
**1100 W. Artesia Boulevard**                    :
**Compton, California 90220,**

                                                 :

**BELL MARKETS, INC., a California**
**Corporation**                                  :
**1100 W. Artesia Boulevard**
**Compton, California 90220,**                   :


**CALA FOODS, INC., a California**               :
**Corporation**
**1100 W. Artesia Boulevard**                    :
**Compton, California 90220,**

                                                 :

-2-

**FOOD 4 LESS OF CALIFORNIA, INC.,**     :
**a California Corporation**
**1100 W. Artesia Boulevard**     :
**Compton, California 90220,**
     :
**HUGHES MARKETS, INC., a California**
**Corporation**     :
**1100 W. Artesia Boulevard**
**Compton, California 90220,**     :

**TH MIDWEST, INC., an Ohio**     :
**Corporation**
**257 Centerville Road**     :
**Lancaster, Pennsylvania 17603,**
     :
               **Plaintiffs,**
     :
  **- vs -**
     :
**EXCENTUS CORPORATION, a Texas**
**Corporation**     :
**1255 Corporate Drive**
**Suite 100**     :
**Irving, Texas 75038,**
     :
               **Defendant.**
     :

For their First Amended Complaint, Plaintiffs hereby allege:

## <u>NATURE OF THE ACTION</u>

1.     This is an action under 28 U.S.C. §2201 for a declaratory judgment that Plaintiffs do not infringe any valid and enforceable claim of Defendant's U.S. Patent Nos. 6,321,984, 6,332,128, 6,732,081, 6,741,968, 6,778,967, 6,885,996, 7,383,204, and 7,653,571 (collectively, "the Excentus Patents").

## JURISDICTION AND VENUE

2.     An immediate and substantial controversy exists between Plaintiffs and Defendant regarding the Excentus Patents.

3.      Pursuant to 28 U.S.C. §§ 1331, 1338, 2201, and 2202, this Court has original and exclusive jurisdiction over this declaratory judgment action that arises under the patent laws of the United States.

4.     Pursuant to 28 U.S.C. §§ 1391(c) and 1400(b), venue is proper in this District where the Defendant is doing business and has ongoing, continuous and systematic contacts.

## PARTIES

5.     Plaintiff, The Kroger Co. ("Kroger"), is an Ohio corporation with a principal place of business in Cincinnati, Ohio.

6.     Plaintiff, Kroger Limited Partnership I is an Ohio limited partnership with a principal place of business in Cincinnati, Ohio.

7.     Plaintiff, The Kroger Co. of Michigan is a Michigan corporation with a principal place of business in Novi, Michigan.

8.     Plaintiff, Kroger Texas L.P., is an Ohio limited partnership with a principal place of business in Shenandoah, Texas.

9.     Plaintiff, Dillon Companies, Inc. is a Kansas corporation with a principal place of business in Hutchinson, Kansas.

10.     Plaintiff, Ralphs Grocery Company is an Ohio corporation with a principal place of business in Compton, California.

11.   Plaintiff, Fred Meyer Stores, Inc. is an Ohio corporation with a principal place of business in Portland, Oregon.

12.   Plaintiff, Smith's Food & Drug Centers, Inc. is an Ohio corporation with a principal place of business in Salt Lake City, Utah.

13.   Plaintiff, Kwik Shop, Inc. is a Kansas Corporation with a principal place of business in Hutchinson, Kansas.

14.   Plaintiff, Mini Mart, Inc. is a Wyoming corporation with a principal place of business in Pueblo, Colorado.

15.   Plaintiff, Quik Stop Markets, Inc. is a California corporation with a principal place of business in Fremont, California.

16.   Plaintiff, Junior Food Stores of West Florida, Inc. is a Florida corporation with a principal place of business in Crestview, Florida.

17.   Plaintiff, Turkey Hill, L.P. is a Pennsylvania limited partnership with a principal place of business in Lancaster, Pennsylvania.

18.   Plaintiff, Alpha Beta Company is a California corporation with a principal place of business in Compton, California.

19.   Plaintiff, Bay Area Warehouse Stores, Inc. is a California corporation with a principal place of business in Compton, California.

20.   Plaintiff, Bell Markets, Inc. is a California corporation with a principal place of business in Compton, California.

21.   Plaintiff, Cala Foods, Inc. is a California corporation with a principal place of business in Compton, California.

22.    Plaintiff, Food 4 Less of California, Inc. is a California corporation with a principal place of business in Compton, California.

23.    Plaintiff, Hughes Markets, Inc. is a California corporation with a principal place of business in Compton, California.

24.    Plaintiff, TH Midwest, Inc. is an Ohio corporation with a principal place of business in Lancaster, Pennsylvania.

25.    Each Plaintiff identified in paragraphs 6 through 24 is a direct or indirect subsidiary or affiliate of  Kroger, and operates multi-department, grocery or convenience stores or supermarket fuel centers.

26.    Defendant, Excentus Corporation ("Excentus"), is a Texas corporation with a principal place of business at 1255 Corporate Drive, Suite 100, Irving, Texas 75038.

## CONTROVERSY BETWEEN PLAINTIFFS AND EXCENTUS

27.    Excentus is the purported assignee of record of U.S. Patent No. 6,321,984 ("the '984 patent"), entitled "ADJUSTABLE PRICE FUEL DISPENSING SYSTEM."

28.    Excentus is the purported assignee of record of U.S. Patent No. 6,332,128 ("the '128 patent"), entitled "SYSTEM AND METHOD OF PROVIDING MULTIPLE LEVEL DISCOUNTS ON CROSS-MARKETED PRODUCTS AND DISCOUNTING A PRICE-PER-UNIT-VOLUME OF GASOLINE."

29.    Excentus is the purported assignee of record of U.S. Patent No. 6,732,081 ("the '081 patent"), entitled "METHOD FOR PROVIDING PRICE-PER-UNIT DISCOUNTS FOR FUEL TO A CUSTOMER."

30.  Excentus is the purported assignee of record of U.S. Patent No. 6,741,968 ("the '968 patent"), entitled "METHOD FOR PROCESSING INFORMATION THROUGH A CLEARINGHOUSE."

31.  Excentus is the purported assignee of record of U.S. Patent No. 6,778,967 ("the '967 patent"), entitled "SYSTEM AND METHOD OF CROSS-SELLING PRODUCTS AND INCREASING FUEL SALES AT A FUEL SERVICE STATION."

32.  Excentus is the purported assignee of record of U.S. Patent No. 6,885,996 ("the '996 patent"), entitled "METHOD OF PROVIDING PRICE-PER-UNIT DISCOUNTS FOR FUEL TO A CUSTOMER."

33.  Excentus is the purported assignee of record of U.S. Patent No. 7,383,204 ("the '204 patent"), entitled "SYSTEM AND METHOD PROVIDING CUSTOMER INCENTIVE TO PURCHASE NON-FUEL PRODUCTS AND SERVICES."

34.  Excentus is the purported assignee of record of U.S. Patent No. 7,653,571 ("the '571 patent"), entitled "SYSTEM AND METHOD FOR GENERATING PRICE-PER-GALLON DISCOUNTS FOR FUEL."

35.  The Excentus Patents are generally directed to systems and methods that provide rewards or discounts on  fuel  based on a customer's purchases of cross-marketed products.

36.  Excentus licenses, installs or operates fuel discount systems and programs that it asserts are covered by one or more of the Excentus Patents throughout the United States and in this District.

37.  Excentus lists Giant Eagle, Price Chopper, Cub Foods, Publix, Supervalu, Sunoco, and others on its website as participating customers that operate an Excentus fuel discount system.

38.   On June 17, 2009, Excentus filed a patent infringement action against Safeway, Inc. for using a competing fuel rewards program not licensed under the Excentus Patents.

39.   Plaintiffs participate in, or are in the process of implementing, fuel rewards programs that provide a price-per-gallon discount at participating fuel pumps.   Furthermore, on February 12, 2010, Kroger announced that its customers could redeem Kroger fuel rewards at participating Shell Oil fuel stations in certain areas of the United States.

40.   In 2009, Excentus asserted that Kroger's fuel rewards programs were covered by one or more of the Excentus Patents, and  demanded that Plaintiffs take a license under the Excentus Patents.  Despite its firm belief that the fuel rewards programs in which it and its subsidiaries participate do not infringe any valid claims of the Excentus Patents, Kroger attempted to negotiate a reasonable resolution of Excentus' claims in order to avoid litigation. Those negotiations have not been successful.

41.   By letter dated March 3, 2010 from its  President and CEO,  Excentus  advised Kroger that the litigation it had filed last year against Safeway had forced Safeway into a licensing arrangement and that Excentus would "immediately focus on getting the same done with Kroger."   The letter further threatens that "once [Excentus has]  successfully defended the validity of our patents and proven your infringement as we believe will be the case, we will seek the maximum damages possible from Kroger for willfully infringing our patents going back to when you first introduced cents-per-gallon discounts to your reward card customers."

42.   Based on Excentus' repeated demands to Kroger, its willingness to initiate infringement litigation against Safeway, and the ultimatum and threats in its March 3, 2010 letter,  Plaintiffs have a reasonable apprehension that they will be sued for patent infringement by Excentus if they do not take the license  Excentus has offered.  The likelihood of patent litigation

has created uncertainty that is hindering Plaintiffs' ability to operate and expand its fuel rewards programs into additional markets.  Accordingly, there is a substantial controversy between Plaintiffs and Excentus that is sufficiently immediate to justify a declaratory judgment of the parties' respective rights.

## EXCENTUS CONTACTS WITH THE JURISDICTION

43.    Excentus has licensed, either expressly or implicitly through the provision of technology or services, one or more of the Excentus Patents to one or more entities who are located and doing business in Ohio and this judicial district, including Biggs, Giant Eagle and Sunoco.

44.    Excentus has marketed, installed, maintained and operated fuel discount systems that it claims are covered by the Excentus Patents at numerous locations in Ohio and this judicial district.

45.    Excentus has solicited business from companies, including Plaintiffs, in this judicial district and has traveled to the Southern District of Ohio many times.

46.    Excentus derives substantial, ongoing revenue from its licensed fuel discount systems that are located in this judicial district.

47.    Excentus is, or in the past had been, obligated, pursuant to one or more agreements, to provide services in the Southern District of Ohio in connection with its licensed fuel discount systems.

48.    Excentus, by or through its own personnel or contract personnel, has installed one or more computer devices in the Southern District of Ohio in connection with its licensed fuel discount systems.

49.    One or more computer devices located in the Southern District of Ohio and used for fuel discounting contain software, firmware or hardware developed or owned by Excentus.

50.    One or more computer devices owned or operated by Excentus directly or indirectly receive data from fuel point-of-sale systems in the Southern District of Ohio at least daily in connection with fuel discounts provided at such fuel point-of-sale systems.

51.    One or more computer devices owned or operated by Excentus directly or indirectly send data to fuel point-of-sale systems in the Southern District of Ohio at least daily in support of fuel discounts provided at such fuel point-of-sale systems.

52.    Point-of-sale fuel discount systems purchased from or licensed by Excentus for use at fuel stations in this judicial district transmit data relating to customer identities and/or individual purchases in this judicial district to computer systems or databases owned or operated by Excentus to track (i) customer purchases in this judicial district, (ii) discounts awarded to customers in this judicial district and/or (iii) fuel discounts redeemed in this judicial district.

53.    Computer systems and/or databases owned or operated by Excentus regularly transmit data relating to customer records, fuel discounts, and/or purchasing criteria to point-of-sale fuel discount systems located in this judicial district.

54.    Computer systems and databases owned or operated by Excentus are an integral part of the day to day redemption of fuel discounts by customers at fueling stations in this judicial district.

55.    Excentus is directly involved in individual fuel discount redemption transactions that occur in this judicial district as a result of the transfer of data between computer systems and/or databases owned or operated by Excentus and point-of-sale systems located in this judicial district.

56.   Excentus is involved at a transaction-by-transaction level in the operation of fuel discount reward programs in this judicial district.

57.   Pursuant to one or more agreements, Excentus maintains the right to exercise control over certain sales and marketing activities associated with fuel discounting in this judicial district, including by setting minimum discount thresholds and/or signage specifications.

58.   Excentus has directed its fuel discount programs at residents of Ohio and this judicial district.

59.   By virtue of doing business here, Excentus has continuous and systematic contact with Ohio and this District.

## CLAIM I:  NONINFRINGEMENT OF THE '984 PATENT

60.   To the extent not inconsistent, Plaintiffs reassert the allegations of paragraphs 1 through 59.

61.   Plaintiffs have not infringed any claim of the '984 patent – directly, indirectly (either contributorily or through inducement), literally, under the doctrine of equivalents, or otherwise.

62.   Plaintiffs are entitled to a judicial declaration pursuant to 28 U.S.C. §§ 2201 et seq. that they have not infringed any claim of the '984 patent.

## CLAIM II:  INVALIDITY OF THE '984 PATENT

63.   To the extent not inconsistent, Plaintiffs reassert the allegations of paragraphs 1 through 62.

64.   The '984 patent issued on November 27, 2001 from application serial no. 09/255,472 ("the '472 application"), which was filed on February 23, 1999.

65. The '472 application is identified as a continuation-in-part of application serial number 09/026,634 ("the '634 application"), which was filed on Feb. 20, 1998 and which issued as U.S. Patent No. 6,112,981.

66. Each claim of the '984 patent requires "a nozzle for dispensing … fuel" and "a controller in communication with the nozzle for selectively causing the nozzle to dispense the fuel at a discounted unit price."

67. The '634 application does not provide support for the claims of the '984 patent, and in particular for the claimed "controller … for selectively causing the nozzle to dispense the fuel at a discounted unit price."

68. The '634 application discloses a fuel dispenser with an integrated bar code reader but does not disclose reducing the unit price on the dispenser before fuel is dispensed.

69. The discussion in the '472 application of reducing the price per unit of gasoline at the dispenser is new matter not previously found in the parent '634 application.

70. Each claim of the '984 patent, therefore, is only entitled to the filing date of the '472 application, not the filing date of its parent, the '634 application.

71. U.S. Patent No. 6,741,968 ("the '968 patent") issued on May 25, 2004 from an application filed on Oct. 30, 1998 by the named inventors Peter G. Jacoves, William Y. Hall, Karla J. Mains, and Charles H. Naul.

72. The '968 patent claims priority to a provisional patent application no. 60/082,927 that was filed on April 24, 1998.

73. The '968 patent qualifies as prior art to the '984 patent under at least 35 U.S.C. §102(e).

74.     The claims of the '984 patent, including but not limited to claim 1 of the '984 patent, are invalid as anticipated under 35 U.S.C. §102 or are at least rendered obvious under 35 U.S.C. §103 by the prior art, including but not limited to the '968 patent.

75.     The '984 patent specification as filed fails to adequately teach those skilled in the art how to make and use a system in which the controller itself "causes the nozzle to dispense fuel," as claimed in claims 1 and 14, rendering at least claims 1 and 14 invalid under 35 U.S.C. § 112.

76.     The scope of claim 6 of the '984 patent is unclear in that claim 6 recites "said user scans said bar code into said reader" but no prior recitation of "said bar code" is made in the claim, rendering at least claim 6 invalid under 35 U.S.C. § 112.

77.     Each claim of the '984 patent is either unenforceable for inequitable conduct before the United States Patent and Trademark Office ("USPTO") or is invalid under 35 U.S.C. §§111, 116 and 256 for improper inventorship.

78.     Between June 21 and June 22, 1999, Dan McCall, Dave Embertson, and Mike Zahajko each executed a declaration claiming to be the joint inventors of the inventions claimed in the '984 patent.

79.     On November 27, 2001, the '984 patent issued in the names of the co-inventors, Dan McCall, Dave Embertson, and Mike Zahajko.

80.     On or about January 27, 2003, the owner of the '984 patent, Dresser, Inc., assigned its rights in the '984 patent to AutoGas Systems, Inc. ("AutoGas").

81.     After January of 2003, AutoGas, for the purpose of removing the '984 patent as a prior art reference against another patent application that was also assigned to AutoGas, induced the named inventors of the '984 patent to petition for a certificate of correction naming Randy Nicholson as a co-inventor of the '984 patent.

82.     On or about June 15, 2004, the USPTO rejected the petition to correct inventorship of the '984 patent.

83.     As of the date of the filing of this First Amended Complaint, the USPTO records do not reflect that the inventorship of the '984 patent has been altered since the date of issuance.

84.     If the named inventors of the '984 patent are the true and only inventors of the subject matter claimed in the '984 patent, then the '984 patent is unenforceable for unclean hands and inequitable conduct by Randy Nicholson, AutoGas, and its attorney as a result of making material false statements to the USPTO with intent to deceive regarding inventorship of the '984 patent for the purpose of removing the '984 patent as a prior art reference against another pending application belonging to AutoGas.

85.     In the alternative, if Randy Nicholson is a true co-inventor of the subject matter claimed in the '984 patent, then the '984 patent, which was never corrected by certificate of correction, is invalid.

86.     Based at least on the foregoing, one or more claims of the '984 patent are invalid for failure to comply with one or more provisions of the patent laws and regulations of the United States including, without limitation, 35 U.S.C. §§ 102, 103, 111, 112, 116 and 256.

87.     Plaintiffs are entitled to a judicial declaration pursuant to 28 U.S.C. §§ 2201 et seq. that one or more claims of the '984 patent are invalid.

### CLAIM III:  NONINFRINGEMENT OF THE '128 PATENT

88.     To the extent not inconsistent, Plaintiffs reassert the allegations of paragraphs 1 through 87.

89.   Plaintiffs have not infringed any claim of the '128 patent – directly, indirectly (either contributorily or through inducement), literally, under the doctrine of equivalents, or otherwise.

90.   Plaintiffs are entitled to a judicial declaration pursuant to 28 U.S.C. §§ 2201 et seq. that they have not infringed any claim of the '128 patent.

## CLAIM IV:  INVALIDITY OF THE '128 PATENT

91.   To the extent not inconsistent, Plaintiffs reassert the allegations of paragraphs 1 through 90.

92.   The '128 patent issued on Dec. 18, 2001 from application no. 09/253,275, which was filed on February 19, 1999 and which claims priority to a provisional application filed on July 23, 1998.

93.   The only named inventor of the '128 patent is G. Randy Nicholson.

94.   The '968 patent, which claims priority to a filing date of April 24, 1998, qualifies as prior art to the '128 patent under at least 35 U.S.C. §102(e).

95.   The claims of the '128 patent, including but not limited to claim 1 of the '128 patent, are invalid as anticipated under 35 U.S.C. §102, or are at least rendered obvious under 35 U.S.C. §103, by the prior art, including but not limited to the '968 patent.

96.   Claim 1 of the '128 patent is directed to an abstract idea in that claim 1 is not tied to a particular machine or apparatus, the steps recited in claim 1 of the '128 patent do not transform a particular article into a different state or thing and the steps recited in claim 1 of the '128 patent can all be performed as mental processes, rendering the subject matter of at least claim 1 of the '128 patent unpatentable under 35 U.S.C. § 101.

97.    The full scope of claim term "consumable good" as recited in claims 1, 12, 20 and 24 of the '128 patent is unclear because the term is not a term of ordinary skill in the art and is not defined in the specification of the '128 patent, rendering at least claims 1, 12, 20 and 24 invalid under 35 USC § 112.

98.    Claim 10 of the '128 patent recites "verifying that the value of the total discount redeemed is less than or equal to the maximum discount allowed."

99.    Neither claim 10 of the '128 patent nor any claim from which claim 10 depends provides antecedent basis for the term "maximum discount allowed," making the scope of claim 10 unclear and rendering at least claim 10 invalid under 35 USC § 112.

100.   Claim 14 of the '112 patent recites that the "first product" is gasoline and it is unclear whether this term is meant to refer to the "first cross-marketed product" or the "consumable good" making the claim indefinite, thereby rendering at least claim 14 invalid under 35 U.S.C. § 112.

101.   Based at least on the foregoing, one or more claims of the '128 patent are invalid for failure to comply with one or more provisions of the patent laws and regulations of the United States including, without limitation, 35 U.S.C. §§ 101, 102, 103 and 112.

102.   Plaintiffs are entitled to a judicial declaration pursuant to 28 U.S.C. §§ 2201 et seq. that one or more claims of the '128 patent are invalid.

## CLAIM V:  NONINFRINGEMENT OF THE '081 PATENT

103.   To the extent not inconsistent, Plaintiffs reassert the allegations of paragraphs 1 through 102.

104. Plaintiffs have not infringed any claim of the '081 patent – directly, indirectly (either contributorily or through inducement), literally, under the doctrine of equivalents, or otherwise.

105.  Plaintiffs are entitled to a judicial declaration pursuant to 28 U.S.C. §§ 2201 et seq. that they have not infringed any claim of the '081 patent.

## CLAIM VI:  INVALIDITY OF THE '081 PATENT

106. To the extent not inconsistent, Plaintiffs reassert the allegations of paragraphs 1 through 105.

107.      The '081 patent issued on May 4, 2004 from application serial no. 09/991,815, which was filed on November 17, 2001. Application serial no. 09/991,815 was filed as a continuation of application no. 09/253,275, which was filed on February 19, 1999 and which claims priority to a provisional application filed on July 23, 1998.

108.      The only named inventor of the '081 patent is G. Randy Nicholson.

109.      The '968 patent, which claims priority to a filing date of April 24, 1998, qualifies as prior art to the '081 patent under at least 35 U.S.C. §102(e).

110.   The inventions claimed in the '081 patent, including but not limited to claim 11 of the '081 patent, are invalid as anticipated under 35 U.S.C. §102, or are at least rendered obvious under 35 U.S.C. §103, by the prior art, including but not limited to the '968 patent.

111. Claims 1 and 11 of the '081 patent are directed to abstract ideas in that claims 1 and 11 are not tied to a particular machine or apparatus, the steps recited in claims 1 and 11 of the '081 patent do not transform a particular article into a different state or thing and the steps recited in claims 1 and 11 of the '081 patent can be performed as mental processes, rendering the subject matter of at least claims 1 and 11 of the '081 patent unpatentable under 35 U.S.C. § 101.

112.  The scope of claim term "consumable good" as recited in claims 1 and 11 of the '081 patent is unclear because the term is not a term of ordinary skill in the art and is not defined in the specification of the '128 patent, rendering at least claims 1 and 11 invalid under 35 USC § 112.

113.  Claim 2 of the '081 patent recites that the "first product" is fuel and it is unclear whether this term is meant to refer to the "first cross-marketed product" or the "consumable good" making the claim indefinite, thereby rendering at least claim 2 invalid under 35 U.S.C. § 112.

114.  Based at least on the foregoing, one or more claims of the '081 patent are invalid for failure to comply with one or more provisions of the patent laws and regulations of the United States including, without limitation, 35 U.S.C. §§ 101, 102, 103 and 112.

115.  Plaintiffs are entitled to a judicial declaration pursuant to 28 U.S.C. §§ 2201 et seq. that one or more claims of the '081 patent are invalid.

## CLAIM VII:  NONINFRINGEMENT OF THE '968 PATENT

116.  To the extent not inconsistent, Plaintiffs reassert the allegations of paragraphs 1 through 115.

117.  Plaintiffs have not infringed any claim of the '968 patent – directly, indirectly (either contributorily or through inducement), literally, under the doctrine of equivalents, or otherwise.

118.  Plaintiffs are entitled to a judicial declaration pursuant to 28 U.S.C. §§ 2201 et seq. that they have not infringed any claim of the '968 patent.

## CLAIM VIII:  NONINFRINGEMENT OF THE '967 PATENT

119.  To the extent not inconsistent, Plaintiffs reassert the allegations of paragraphs 1 through 118.

120.  Plaintiffs have not infringed any claim of the '967 patent – directly, indirectly (either contributorily or through inducement), literally, under the doctrine of equivalents, or otherwise.

121.  Plaintiffs are entitled to a judicial declaration pursuant to 28 U.S.C. §§ 2201 et seq. that they have not infringed any claim of the '967 patent.

## CLAIM IX:  NONINFRINGEMENT OF THE '996 PATENT

122.  To the extent not inconsistent, Plaintiffs reassert the allegations of paragraphs 1 through 121.

123.  Plaintiffs have not infringed any claim of the '996 patent – directly, indirectly (either contributorily or through inducement), literally, under the doctrine of equivalents, or otherwise.

124.  Plaintiffs are entitled to a judicial declaration pursuant to 28 U.S.C. §§ 2201 et seq. that they have not infringed any claim of the '996 patent.

## CLAIM X:  NONINFRINGEMENT OF THE '204 PATENT

125.  To the extent not inconsistent, Plaintiffs reassert the allegations of paragraphs 1 through 124.

126.  Plaintiffs have not infringed any claim of the '204 patent – directly, indirectly (either contributorily or through inducement), literally, under the doctrine of equivalents, or otherwise.

127.  Plaintiffs are entitled to a judicial declaration pursuant to 28 U.S.C. §§ 2201 et seq. that they have not infringed any claim of the '204 patent.

## CLAIM XI:  NONINFRINGEMENT OF THE '571 PATENT

128. To the extent not inconsistent, Plaintiffs reassert the allegations of paragraphs 1 through 127.

129. Plaintiffs have not infringed any claim of the '571 patent – directly, indirectly (either contributorily or through inducement), literally, under the doctrine of equivalents, or otherwise.

130.  Plaintiffs are entitled to a judicial declaration pursuant to 28 U.S.C. §§ 2201 et seq. that they have not infringed any claim of the '571 patent.

WHEREFORE, PLAINTIFFS pray for judgment against Excentus as follows:

(1)      A declaration that Plaintiffs have not infringed any claim of the '984 patent, the '128 patent, the '081 patent, the '968 patent, the '967 patent, the '996 patent, the '204 patent, and the 571 patent;

(2)      A declaration that the claims of the '984 patent, the '128 patent the '081 patent are invalid;

(3)      An award of Plaintiffs' costs and expenses in this action;

(4)      A declaration that this is an exceptional case and an award of Plaintiffs' attorneys' fees pursuant to 35 U.S.C. § 285; and

(5)      An award of such other and further relief as the Court may deem just and proper.

Respectfully submitted,


/s/Jeffrey C. Metzcar
Stephen J. Butler (0010401), Trial Attorney
Email:  Steve.Butler@ThompsonHine.com
Heather M. Hawkins (0078569)
Email:  Heather.Hawkins@ThompsonHine.com
THOMPSON HINE LLP
312 Walnut Street, Suite 1400
Cincinnati, Ohio 45202
Phone:  (513) 352-6700
Fax:  (513) 241-4771

Jeffrey C. Metzcar (0072648)
Email:  Jeff.Metzcar@ThompsonHine.com
THOMPSON HINE LLP
2000 Courthouse Plaza, N.E.
10 West Second Street
Dayton, Ohio 45402
Phone:  (937) 443-6841
Fax:  (937) 443-6635

Trial Attorneys for Plaintiffs

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on September 14, 2010, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Carl J. Stich , Jr.
David P. Kamp
White, Getgey & Meyer Co., LPA
1700 Fourth & Vine Tower
1 West Fourth Street
Cincinnati, OH 45202
Email: cstich@wgmlpa.com
Email:  dkamp@wgmlpa.com

/s/Jeffrey C. Metzcar
Jeffrey C. Metzcar

628738v5