## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | | |
|---|---|---|
| THE KROGER CO., et al., | : | |
| Plaintiffs, | : | Case No. 1:10-cv-00161-SSB |
| v. | : | Chief Judge Sandra S. Beckwith |
| EXCENTUS CORPORATION, | : | **JOINT DISCOVERY PLAN** |
| Defendant. | : | (RULE 26(f) REPORT) |

The parties  submit to the Court this Joint Discovery Plan, pursuant to the Court's

Trial Procedure Order.   The parties conducted their discovery conference on

_December 15, 2010._   Attached to this Plan is a  proposed Scheduling Order in the

form of Appendix C to the Southern District of Ohio Patent Rules.

**A.**   **MAGISTRATE JUDGE CONSENT**

The Parties:

☐   unanimously consent to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636 (c)

☒   do not unanimously consent to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636 (c)

☐   unanimously give contingent consent to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636 (c), for trial purposes only, in the event that the District Judge assigned is unavailable on the date set for trial (e.g. because of other trial settings, civil or criminal)

**B.**   **RULE 26 (a) DISCLOSURES**

☐   The parties have exchanged pre-discovery disclosures required by Rule 26(a)(1).

☒   The parties will exchange such disclosures by _January 18, 2011._

☐   The parties are exempt from disclosures under Rule 26(a)(1)(E).

NOTE:  Rule 26(a) disclosures are <u>not</u> to be filed with the Court

**C.**     **DISCOVERY ISSUES AND DATES**

    1.    Discovery will need to be conducted on the issues of

        *Patent infringement, including the meaning and scope of the patents in suit and the structure, function and operation of the accused system; patent validity and enforceability including inventorship, prior art, and prosecution of the patents in suit; trade secret misappropriation; common law misappropriation; imposition of constructive trust;  unfair competition; and damages.*

    2.    The parties recommend that discovery

        ☐    need not be bifurcated

        ☐    should be bifurcated between liability and damages

        ☐    should be bifurcated between factual and expert

        ☒    *should be bifurcated and shall not proceed as to the issue of willful infringement pursuant to Local Patent Rules 107.2 and 107.3*

    3.    *Each party shall make its initial expert witness disclosures on the issues on which each bears the burden of proof within 60 days after the Court's claim construction ruling.*

    4.    *Each party shall make its initial expert witness disclosures on the issues on which the opposing party bears the burden of proof within 30 days after the first round of expert disclosures.*

    5.    Disclosure and report of rebuttal expert(s) by *14 days after second round of expert disclosures.*

    6.    Disclosure of non-expert (fact) witnesses *September 12, 2011.*

    7.    Discovery cutoff *February 17, 2012.*

    8.    Anticipated discovery problems

        ☐    _____

        ☒    None

**D.**     **LIMITATIONS ON DISCOVERY**

    1.    Changes in the limitations on discovery

        ☐    Extension of time limitations (currently one day of seven hours) in taking of depositions to _____.

☐    Extension of number of depositions (currently 10) permitted to
_____.

☐    Extension of number of interrogatories (currently 25) to
_____.

☒    Other:    *The parties agree that additional depositions and
interrogatories will likely be needed given the number of patents at
issue.  Following service of the Rule 26(a)(1) initial disclosures,
the parties will negotiate in good faith to an increase in the number
of depositions and interrogatories without the need to seek leave
from the Court.*

☐    None

**E.    PROTECTIVE ORDER**

☒    A protective order will likely be submitted to the Court on or before
*January 11, 2011.*

☐    The parties currently do not anticipate the need for a protective order.  If
the parties subsequently deem that one is necessary, they will submit a
joint proposed order to the Court.  Such order will be in compliance with
*Procter & Gamble Co. v. Bankers Trust Co.*, 78 F. 3d 219 (6th Cir. 1996)

**F.    SETTLEMENT**

A settlement demand has been made.

A response has been made.

A demand can be made by _____

A response can be made by _____

**G.    MOTION DEADLINES**

1.    Motion to add parties by *May 20, 2011.*

2.    Motions to amend the pleadings by *December 15, 2011.*

3.    Dispositive motions by *March 2, 2012.*

**H.    OTHER MATTERS PERTINENT TO MANAGEMENT OF THIS LITIGATION**

_____
_____
_____

3

Signatures:    /s/ Stephen J. Butler           /s/ Brett Govett
                    Attorney for:                Attorney for:
                    Plaintiffs                  Defendant

                    /s/ Jeffrey C. Metzcar        /s/ Carl Stich
                    Attorney for:                Attorney for:
                    Plaintiffs                  Defendant

                    Attorney for:                Attorney for:

4