IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI

| | | |
|---|---|---|
| THE KROGER CO., et al., | * | |
| | * | |
| Plaintiffs, | * | JUDGE SANDRA S. BECKWITH |
| | * | |
| vs. | * | |
| | * | CIVIL ACTION NO. 1:10-cv-00161-SSB |
| EXCENTUS CORPORATION, | * | |
| | * | |
| Defendant. | * | |

**JOINT CLAIM CONSTRUCTION AND PREHEARING STATEMENT**

Plaintiffs are the accused patent infringers in this civil action. Defendant is the patent holder. The case involves claims of infringement and/or invalidity with respect to four patents. A total of twenty-six (26) claims are asserted as being infringed.

On June 24 and June 30, 2011, the parties met and conferred by telephone to discuss claim construction issues as required by S. D. Ohio Pat. R. 105.2(c). Pursuant to S. D. Ohio Pat. R. 105.2(d), the Parties submit the following joint claim construction and prehearing statement.

**1.      Construction Of Terms Or Phrases On Which The Parties Agree**

The Parties agree that the following terms and phrases, which are written in means plus function format, should be interpreted to cover the following identified structures:

(1)  The "means for reading a magnetic strip on an identification card" is a magnetic strip reader device and any equivalents.  This structure (and equivalents) performs the function of "reading a magnetic strip on an identification card."

(2) The "means for reading a transmission from a transponder device identifying the customer" is a transponder receiver incorporated into the gas station POS and any equivalents.  This structure (and equivalents) performs the function of "reading a transmission from a transponder device identifying the customer."

(3) The "means for obtaining a personal identification number from the customer" is a keypad, bar code scanner, reader device and any equivalents.  This structure (and equivalents) performs the function of "obtaining a personal identification number from the customer."

(4) The "means for reading a credit card inserted into a card reader at the dispenser" is a magnetic strip reader device and any equivalents.  This structure (and equivalents) performs the function of "reading a credit card inserted into a card reader at the dispenser."

(5) The "means for calculating a redeemed discount by multiplying the dispensed number of units of fuel by the PPU discount associated with the identified issuer of the financial card" is a redeemed discounts calculator or an equivalent thereof.  This structure (and equivalents) performs the function of "calculating a redeemed discount by multiplying the dispensed number of units of fuel by the PPU discount associated with the identified issuer of the financial card."

2.      **Proposed Construction Of Each Disputed Term Or Phrase**

The proposed constructions of both sides for the disputed terms and phrases are set forth in the Joint Disputed Claim Terms Chart attached as Appendix A.  All intrinsic evidence cited by Plaintiffs and Defendant in support of their proposed constructions is included in Appendix B.

3.      **Identification Of The Most Significant Terms Or Phrases For Construction**

The Parties agree that construction of the following phrase will be one of the ten most significant terms or phrases to the resolution of the case:  "**a record associated with purchases made by the user, the record including the users achievement of a purchasing criteria**."  The Parties do not agree regarding which of the remaining terms and phrases in dispute will be the most significant.  Therefore each Party has identified four additional phrases as being most significant under the procedure described in S. D. Ohio Pat. R. 105.2(d)(iii).

The Plaintiffs identify:

(2) **awarding a second discount on the PPU of the consumable good to the customer in response to a purchase by the customer of a second cross-marketed product**;

(3) **dispensing an amount of free fuel to the customer equal to the total of the first and second amounts of free fuel**;

(4) **the stored PPU discount is defined in an affinity-type agreement between the fuel merchant and the third-party issuer**;

(5) **allocating the redeemed discount between the third-party issuer of the financial card and the fuel merchant**.

The Defendant identifies:

(6) **discount**;

(7) **dispensing an amount of free fuel**;

(8) **means for providing the customer with a first reward entitling the customer to a first amount of free fuel in exchange for purchasing the non-fuel products or services in the first visit, and for providing the customer with a second reward entitling the customer to a second amount of free fuel in exchange for purchasing the non-fuel products or services in the second visit**;

(9) **associating the identified third-party issuer of the financial card with the stored PPU discount for the fuel**.

It is the Plaintiffs' position that the terms and phrases identified by Defendant above (i.e., (6)–(9)) are not the most significant and that additional terms and phrases other than the nine identified here are potentially dispositive of the infringement issues in the case.  It is also Plaintiffs' position that the Court should construe all of the terms and phrases identified in Appendix A because the Parties disagree on the scope of each of those terms and phrases and, therefore, as matter of law the court must determine their meaning.  *O2 Micro International Ltd. v. Beyond Innovation Tech. Co.*, 521 F.3d 1351, 1360-62  (Fed. Cir. 2008).

It is the Defendant's position that the vast majority of the terms and phrases Plaintiffs have requested the Court construe are not necessary.  The terms and phrases are entitled to their plain and ordinary meaning with no construction needed.  Pursuant to *Finjan, Inc. v. Secure Computing Corp.*, 626 F.3d 1197, 1207 (Fed. Cir. 2010), Defendant respectfully contends the

Court should reject any such constructions and construe the terms Defendant has identified along with the means plus function terms.  Further, Defendant respectfully contends that Plaintiff has, in many instances, identified entire claim limitations for construction which is inconsistent with *Markman v. Westview Instruments, Inc.*, 517 U.S. 370 (1996) as well as the local patent rules.

### 4.     Proposed Format And Length Of Claim Construction Hearing

Due to the number of patents and distinct claims at issue, Plaintiffs intend to file a motion for leave to extend the page limits for claim construction briefing so that each term or phrase in dispute can be adequately addressed.[1]  With adequate briefing Plaintiffs agree that the Claim Construction Hearing should be completed within the single day currently set aside by the Court.  Defendant believes the hearing should not exceed one day regardless of the briefing page limit.  Defendant believes the Court should consider the Joint Disputed Claim Terms Chart and set an appropriate briefing limit.  The Parties further agree that no live testimony, including testimony by expert witnesses, will be needed at the Claim Construction Hearing.

The Claim Construction Hearing should proceed as the Court desires.  The Parties respectfully suggest that the hearing begin with a summary of the technology and the patents by each Party, and then proceed on a patent-by-patent, claim-by-claim, and term-by-term basis for each claim term, phrase or limitation identified in Appendix A as being in dispute.  The patent holder, Excentus, will present first on a disputed term followed by the Plaintiffs on the same term before the Parties move on to the next term in dispute.

---

[1] For the 26 asserted patent claims, there are 39 terms and phrases identified by the parties as being in dispute. Plaintiffs contend that many of those disputed terms and phases are the product of claim amendments during prosecution.  To properly determine the scope of the amended claim language, the prosecution histories of the patents, including the prior art cited by the Examiner, will need to be addressed.

Respectfully submitted,

| | |
|---|---|
| */s/Jeffrey C. Metzcar* | */s/ Brett C. Govett (per email authorization 7/18/11)* |
| Jeffrey C. Metzcar (0072648) | Brett C. Govett |
| THOMPSON HINE LLP | Karl G. Dial |
| 2000 Courthouse Plaza, N.E. | FULBRIGHT & JAWORSKI L.L.P. |
| 10 West Second Street | 2200 Ross Avenue, Suite 2800 |
| Dayton, Ohio 45402 | Dallas, Texas 75201-2784 |
| Phone: (937) 443-6841 | Phone: (214) 855-8000 |
| Fax: (937) 443-6635 | Fax: (214) 855-8200 |
| Email: Jeff.Metzcar@ThompsonHine.com | Email: bgovett@fulbright.com |
| | kdial@fulbright.com |
| Stephen J. Butler (0010401) | |
| Heather M. Hawkins (0078569) | Carl J. Stich, Jr., (0013300) |
| THOMPSON HINE LLP | WHITE, GETGEY & MEYER CO. LPA |
| 312 Walnut Street, Suite 1400 | 1700 Fourth & Vine Tower |
| Cincinnati, Ohio 45202 | One West Fourth Street |
| Phone: (513) 352-6700 | Cincinnati, Ohio 45202 |
| Fax: (513) 241-4771 | Phone: (513) 241-3685 |
| Email: Steve.Butler@ThompsonHine.com | Fax: (513) 241-2399 |
| Heather.Hawkins@ThompsonHine.com | Email: cstich@wgmlpa.com |
| | |
| Trial Attorneys for Plaintiffs | Trial Attorneys for Defendant |

CERTIFICATE OF SERVICE

I hereby certify that on July 18, 2011, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's Electronic Filing System. Parties may access this filing through the Court's system.

*/s/ Jeffrey C. Metzcar*
Jeffrey C. Metzcar