**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF  OHIO**
**WESTERN DIVISION AT CINCINNATI**

| | | |
|---|---|---|
| THE KROGER CO. et al., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Civil Action No.  1:10-CV-161-SSB |
| | § | |
| EXCENTUS CORPORATION, a Texas | § | Judge Sandra S. Beckwith |
| Corporation, | § | |
| | § | |
| Defendant. | § | |
| | § | |
| | § | |

**EXCENTUS CORPORATION'S MOTION TO STRIKE PLAINTIFFS' 78-PAGE**
**OPENING CLAIM CONSTRUCTION BRIEF**

Pursuant to Local Patent Rule 105.4 and the Scheduling Order entered in this case (Docket Entry No. 37-1), the Plaintiffs and Excentus Corporation ("Excentus") each filed an Opening Claim Construction Brief ("*Markman* Brief") on September 20, 2011.  *See* Docket Entry Nos. 49 and 50.  In compliance with Local Rule 7.2(a)(3) ("the Local Rule"), which states that memoranda "should not exceed twenty (20) pages," Excentus filed an 18-page *Markman* Brief.  The Plaintiffs' filed a 78-page *Markman* brief, however, without requesting leave of Court to exceed the page limits set forth in the Local Rule.

Not only will the excessive and unreasonable length of the Plaintiffs' *Markman* Brief force this Court to "dredge through pleadings which approach[] one hundred pages in length," but if the Plaintiffs' brief is not stricken in its current form, Excentus will have to fully respond to the Plaintiffs' 78-page brief in its Response, which will exacerbate the situation. *See Buck v. Fries & Fries, Inc.*, 953 F. Supp. 896, 898 n.2 (S.D. Ohio 1996) (Beckwith, J.)

90553695.1

1

(parties far exceeded twenty page limit set forth in Local Rule 7.2(a)(3) and failed to ask for leave to exceed twenty pages).

Excentus complied with the Local Rule in limiting its *Markman* Brief to eighteen pages.  The Plaintiffs should likewise limit their brief per the Local Rule.  Therefore, Excentus moves the Court to strike the Plaintiffs' 78-page *Markman* Brief (Docket Entry No. 49) and order the Plaintiffs to file a replacement brief that complies with Local Rule 7.2(a)(3) or does not exceed a page limit that the Court considers reasonable under the circumstances.  *See, e.g., Iota Xi Chapter of Sigma Chi Fraternity v. Patterson*, 566 F.3d 138, 150 (4th Cir. 2009) (district court has inherent authority to fashion appropriate sanction when party fails to comply with page limits set forth in local rules).

Dated:  September 22, 2011                          Respectfully submitted,


/s/ Brett C. Govett_____
Brett C. Govett (Texas Bar No.  08235900)
Email: bgovett@fulbright.com
Karl G. Dial (Texas Bar No. 05800400)
Email: kdial@fulbright.com
FULBRIGHT & JAWORSKI L.L.P.
2200 Ross Avenue, Suite 2800
Dallas, TX  75201-2784
Telephone:  (214) 855-8000
Facsimile:  (214) 855-8200



/s/ Carl J. Stich, Jr.
Carl J. Stich Jr. (Ohio # 0013300)
WHITE, GETGEY & MEYER CO. LPA
1700 Fourth and Vine Tower
One West Fourth Street
Cincinnati, Ohio 45202
Phone:  (513) 241-3685
Fax:  (513) 241-2399
*Trial Attorney for Defendant Excentus Corp.*

90553695.1

**CERTIFICATE OF SERVICE**

I hereby certify that, pursuant to S. D. Ohio Civ. R. 5.2(b), a true and correct copy of the foregoing pleading was served this 22nd day of September, 2011 via the Court's ECF system upon all counsel of record that are registered ECF users.

/s/ Brett C. Govett
Brett C. Govett

**CONSULTATION PURSUANT TO LOCAL RULE 7.3(B)**

On September 22, 2011, Excentus counsel contacted the Plaintiffs' counsel and discussed the Plaintiffs' Opening Claim Construction Brief, which was 78 pages long and exceeded the twenty page limit set forth in the local rules.  Plaintiffs' counsel is opposed to this motion to strike.

/s/ Brett C. Govett
Brett C. Govett

90553695.1