IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI

| | | |
|---|---|---|
| THE KROGER CO., et al., | * * * | |
| Plaintiffs, | * * | JUDGE SANDRA S. BECKWITH |
| vs. | * * | CIVIL ACTION NO. 1:10-cv-00161-SSB |
| EXCENTUS CORPORATION, | * * * | |
| Defendant. | * * * * | |

**PLAINTIFFS' OPPOSITION TO EXCENTUS CORPORATION'S MOTION TO STRIKE PLAINTIFFS' OPENING CLAIM CONSTRUCTION BRIEF**

The Court should deny Excentus Corporation's motion to strike Plaintiffs' Opening Claim Construction Brief because: (1) Plaintiffs' brief does not violate any applicable rule or order of this Court; (2) Excentus's motion is not supported by any relevant case law; and (3) Plaintiffs' brief, which contains only seventy (70) pages of argument, is appropriate in this complex patent litigation involving four (4) patents, twenty-eight (28) asserted patent claims, and forty-one (41) claim terms jointly identified by the parties as being in dispute. Excentus's opening brief, in comparison, is *at least* thirty-one (31) pages long, not eighteen (18) pages as Excentus contends, because it includes an additional thirteen (13) pages of single-spaced argument improperly attached as exhibits to the 18-page main brief. *See Roe v. Gates*, No. 3:03cv192, 2009 U.S. Dist. LEXIS 86127 *12-13, n.6 (S.D. Ohio Sept. 21, 2009) ("The cited exhibit contains 13 pages of single spaced allegations. In so doing, the Plaintiffs has effectively turned her 20-page, double-spaced memorandum into a 46-page double-spaced memorandum.").

Plaintiffs' Opening Claim Construction Brief does not violate the applicable rules. This Court's new patent local rules require:

> [E]ach party shall serve and file an Opening Claim Construction Brief concerning the proposed construction of **each claim term or phrase that the parties have identified as being in dispute in each patent**. Such Opening Claim Construction Brief shall also, for **each element that a party contends is governed by 35 U.S.C. §112, paragraph 6**, describe the claimed function of that element and identify the structure(s), act(s), or material(s) corresponding to that element.

S. D. Ohio Pat. R. 105.4(a) (emphasis added). The patent local rules do not limit the number of patent claims that can be asserted as infringed, the number of terms that can be disputed by the parties, or (therefore) the number of pages permitted for claim construction briefing. The Court's Scheduling Order in this case also requires the parties to file an Opening Claim Construction Brief but does not place any page limit on the required brief. [Doc# 37-1, PageID#1129, ¶(12)].

Excentus contends that Plaintiffs' brief violates S. D. Ohio Civ. R. 7.2(a)(3), entitled "**Limitation Upon Length of Memoranda**," which provides: "Memoranda in support of or in opposition to any motion or application to the Court should not exceed twenty (20) pages." This rule, however, does not expressly apply to briefs that are *required* by the Court, such as claim construction briefs. Although several other judges in the Southern District of Ohio have issued standing orders that extend the page limit in Rule 7.2(a)(3) to briefs (but not specifically claim construction briefs), this Court does not have such a standing order. *See* Judge Dlott's Civil Procedure Standing Order, Section I, F and Dayton General Order No. 1 regarding Pretrial and Trial Procedures, Section I.G. Rule 7.2(a)(3), therefore, does not apply.

At least one other court has held that a local rule similar to Rule 7.2(a)(3) governed motion practice, but not claim construction briefs. *See DISA Industries A/S v. Thyssenkrupp Waupaca,*

*Inc.*, 2008 U.S. Dist. LEXIS 69699, *1 (E.D. Wis. Aug. 26, 2008).  In *DISA*, the defendant filed a motion to strike the plaintiff's claim construction brief because it was 100 pages long. *Id.* The defendant based the motion on the Eastern District of Wisconsin's Local Rule 7.1(f) which states "the principal memorandum in support of, or in opposition to, any motion must not exceed 30 pages."  The *DISA* Court held that the brief should not be stricken stating:

> The offending brief (which is filed as a brief-in-chief and an appendix that is largely undistinguishable from a standard brief) does not violate the letter of the rule, of course, because the rule governs motion practice rather than claim construction briefs filed in anticipation of *Markman* hearings.
> ***
> The Plaintiff's brief will not be stricken, as it does not violate any Federal or Local Rule.

*Id.* at 1, 3. Local Rule 7.2(a)(3) is identical in purpose to E.D. Wis. Loc. R. 7.1(f) and nearly identically drafted.  The court's reasoning in *DISA* is sound and should be followed here.  The Court should not apply Rule 7.2(a)(3) to the parties' claim construction briefs.

The single case cited by Excentus in support of its motion, *Buck v. Fries & Fries,* does not apply.  In that case, which involved a defendant's motion for summary judgment – not a claim construction brief, this Court noted that the memoranda of both paries exceeded the applicable twenty page limit for memoranda in support of or in opposition to a motion. *Buck*, 953 F. Supp. 896, 898 n.2 (S.D. Ohio 1996)(Beckwith, J.).  This Court did not, however, strike either memoranda and stated "similarly long memoranda may be appropriate for a case with complex legal issues." *Id*.  This patent case is a complex case involving complex claim construction issues.

Even if Rule 7.2(a)(3) did apply to claim construction briefs, which it does not, the rule does not require prior leave of the Court to exceed twenty (20) pages.   Whereas Rule 7.2(a)(2) expressly requires prior leave before filing additional memoranda after the reply, Rule 7.2(a)(3)

3

simply states that memoranda "should not" exceed twenty (20) pages and imposes additional requirements if they do. Plaintiffs note that the standing orders of some other judges in the Southern District of Ohio expressly impose an additional requirement that parties request leave prior to exceeding the stated page limit. *See* Judge Dlott's Civil Procedure Standing Order, Section I, F and Dayton General Order No. 1 regarding Pretrial and Trial Procedures, Section I.G. If Rule 7.2(a)(3) required prior leave, then the standing orders would be unnecessary.

Excentus is solely responsible for the large number of patent claims asserted in this case and is largely responsible for the number of claim terms in dispute. In its Preliminary Claim Construction Disclosures required under S. D. Ohio Pat. R. 105.2(a), Excentus identified twenty-three (23) means-plus-function clauses requiring construction. Ultimately, the parties jointly identified forty-one (41) disputed claim terms or phrases in their Substitute Joint Disputed Claim Language Chart [Doc# 48-1]. Even if Plaintiffs had only used one page per limitation to address each limitation identified by Excentus, their opening claim construction brief would have been more than twenty pages. As it stands, Plaintiffs used on average less than two pages per claim term in their brief for the forty-one (41) terms jointly identified by the parties. That is hardly unreasonable.

Excentus cannot both assert numerous complex infringement claims and simultaneously assert page limits as a sword to prevent Plaintiffs from defending themselves. Plaintiffs contend that Local Rule 7.2(a)(3) does not apply to Plaintiffs' Opening Claim Construction Brief. If the Court finds differently, Plaintiffs' respectfully request leave to exceed the stated page limit without having to re-file its succinct and carefully drafted brief.

Respectfully submitted,


*/s/ Jeffrey C. Metzcar*
Jeffrey C. Metzcar (0072648)
THOMPSON HINE LLP
2000 Courthouse Plaza, N.E.
10 West Second Street
Dayton, Ohio 45402
Phone:  (937) 443-6841
Fax:  (937) 443-6635
Email:  Jeff.Metzcar@ThompsonHine.com

Stephen J. Butler (0010401)
Heather M. Hawkins (0078569)
THOMPSON HINE LLP
312 Walnut Street, Suite 1400
Cincinnati, Ohio 45202
Phone:  (513) 352-6700
Fax:  (513) 241-4771
Email: Steve.Butler@ThompsonHine.com
        Heather.Hawkins@ThompsonHine.com

Trial Attorneys for Plaintiffs


### CERTIFICATE OF SERVICE

I hereby certify that on September 23, 2011, a copy of the foregoing was filed electronically.  Notice of this filing will be sent to all parties by operation of the Court's Electronic Filing System.  Parties may access this filing through the Court's system.

*/s/ Jeffrey C. Metzcar*
Jeffrey C. Metzcar

671060.1