IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI

| | | |
|---|---|---|
| THE KROGER CO. et al., | § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. 1:10-CV-161-SSB |
| EXCENTUS CORPORATION, a Texas Corporation, | § § § | Judge Sandra S. Beckwith |
| Defendant. | § § § § | |

### EXCENTUS CORPORATION'S REPLY IN SUPPORT OF MOTION TO STRIKE PLAINTIFFS' 78-PAGE OPENING CLAIM CONSTRUCTION BRIEF

The Local Rules of this Court along with the Local Patent Rules require the parties to pursue their arguments in twenty pages or less focused on the ten (10) most significant terms. Excentus Corporation ("Excentus") complied with these mandates while Plaintiffs did not. The inclusion of a table of contents and a table of authorities does not permit one party to exceed the page limits by more than fifty (50) pages. This Court has the discretion to set whatever pages limits it desires. Excentus submits, however, that when one party complies with applicable page limits while the other party unilaterally exceeds them, without leave of Court, that is neither fair nor reasonable.

The parties did not *jointly* identify forty-one terms and phrases for the Court to construe. *See* Plaintiffs' Opposition to Motion to Strike, Docket No. 52, at 4. The Plaintiffs identified the vast majority of these terms/phrases/limitations that the Plaintiffs claim all require construction beyond their plain and ordinary meaning. In fact, the exhibits attached to

90555455.1

the Excentus brief are taken from the joint claim construction filing and contain citations to the patent and the brief, where appropriate.

The Plaintiffs quote an opinion from the United States District Court for the Eastern District of Wisconsin for the proposition that there are no pages limitations for *Markman* briefs, but the Plaintiffs omitted the most relevant part of that opinion:

> Still, Defendant's claim that the lengthy brief violates the rule's spirit is well-taken. The time and resources of a court are not unlimited, and the public would be ill-served if courts routinely devoted the sort of resources to a single case that the length of the Plaintiff's briefs implies is required. There is no showing (so far) that this case is abnormally complicated or of such public import that a court would be justified in putting its other pending cases to the side in order to entertain dozens of claim construction arguments that at this point seem picayune or even illusory.

*DISA Indus. A/S v. Thyssenkrupp Waupaca, Inc.*, Case No. 07-C-949, 2008 U.S. Dist. LEXIS 69688, at *2-3 (E.D. Wis. Aug. 26, 2008) ("Neither are *Markman* proceedings an invitation to the parties to make every claim construction argument conceivable.").[1]  Further, courts have routinely denied motions to exceed page limitations for *Markman* briefing, preferring instead to force the parties to select and brief a limited number of terms for construction, a policy that this Court has incorporated into its Local Patent Rules.  *See, e.g., Hearing Components, Inc. v. Shure, Inc.*, Case No. 9:07-CV-104, 2008 U.S. Dist. LEXIS 109230, at  (E.D. Tex. June 13, 2008) (court denied joint motion to extend page limitations and instead ordered the parties to select no more than ten claim terms for construction); *see also* S. D. Ohio Pat. R. 105.2(d)(iii) (parties to identify ten most significant terms).  Eighteen pages were sufficient for Excentus to brief the nine most significant terms/phrases/limitations at issue in this case, and twenty pages is more than sufficient for the Plaintiffs to do the same.

---

[1] Excentus also takes issue with the Plaintiffs' statement that "Local Rule 7.2(a)(3) is identical in purpose to E.D. Wis. Loc. R. 7.1(f) and nearly identically drafted."  *See* Plaintiffs' Opposition to Motion to Strike, Docket No. 52, at 3.  The first assertion is arguable at best, while the second assertion is incorrect.

90555455.1

The Plaintiffs' 78-page brief is not "succinct and carefully drafted." *See* Plaintiffs' Opposition to Motion to Strike, Docket No. 52, at 4. Further, any complexity in this case was introduced solely by the Plaintiffs. The asserted patents use language that laypeople can easily comprehend and apply to the accused activities and systems. They are not complicated. A 78–page Opening Claim Construction Brief complicates these proceedings and violates the letter and spirit of the applicable rules. Consequently, Excentus respectfully submits that the Plaintiffs' brief be stricken and the Plaintiffs ordered to re-brief these matters within twenty pages.

Dated: September 26, 2011　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　　s/ Brett C. Govett_____
　　　　　　　　　　　　　　　　　　　　　　Brett C. Govett (Texas Bar No. 08235900)
　　　　　　　　　　　　　　　　　　　　　　Email: bgovett@fulbright.com
　　　　　　　　　　　　　　　　　　　　　　Karl G. Dial (Texas Bar No. 05800400)
　　　　　　　　　　　　　　　　　　　　　　Email: kdial@fulbright.com
　　　　　　　　　　　　　　　　　　　　　　FULBRIGHT & JAWORSKI L.L.P.
　　　　　　　　　　　　　　　　　　　　　　2200 Ross Avenue, Suite 2800
　　　　　　　　　　　　　　　　　　　　　　Dallas, TX 75201-2784
　　　　　　　　　　　　　　　　　　　　　　Telephone: (214) 855-8000
　　　　　　　　　　　　　　　　　　　　　　Facsimile: (214) 855-8200


　　　　　　　　　　　　　　　　　　　　　　s/ Carl J. Stich, Jr.
　　　　　　　　　　　　　　　　　　　　　　Carl J. Stich Jr. (Ohio # 0013300)
　　　　　　　　　　　　　　　　　　　　　　WHITE, GETGEY & MEYER CO. LPA
　　　　　　　　　　　　　　　　　　　　　　1700 Fourth and Vine Tower
　　　　　　　　　　　　　　　　　　　　　　One West Fourth Street
　　　　　　　　　　　　　　　　　　　　　　Cincinnati, Ohio 45202
　　　　　　　　　　　　　　　　　　　　　　Phone: (513) 241-3685
　　　　　　　　　　　　　　　　　　　　　　Fax: (513) 241-2399
　　　　　　　　　　　　　　　　　　　　　　*Trial Attorney for Defendant Excentus Corp.*

**CERTIFICATE OF SERVICE**

    I hereby certify that, pursuant to S. D. Ohio Civ. R. 5.2(b), a true and correct copy of the foregoing pleading was served this 26th day of September, 2011 via the Court's ECF system upon all counsel of record that are registered ECF users.

                                                s/ Brett C. Govett  
                                                Brett C. Govett