```
         IN THE UNITED STATES DISTRICT COURT
          FOR THE SOUTHERN DISTRICT OF OHIO
                   WESTERN DIVISION
```

The Kroger Company, et al.,   )
                              )
         Plaintiff,            ) Case No. 1:10-CV-161
                              )
    vs.                        )
                              )
Excentus Corporation,          )
                              )
         Defendant.            )

O R D E R

The Kroger Company and the other Plaintiffs in this case (collectively "Kroger") filed suit against Defendant Excentus Corporation ("Excentus") seeking a declaratory judgment that, inter alia, they have not infringed certain patents held by Excentus directed to awarding fuel discounts based on the customer's purchases of cross-marketed products.

This case comes to the Court's attention at this time because the parties are skirmishing over the length of Kroger's opening claim construction brief - 78 pages - which Excentus argues is both unreasonable and in violation of Local Civil Rule 7.2(a)(2) concerning the length of briefs.  Excentus has both moved to strike Kroger's claim construction brief (Doc. No. 51) and to stay the briefing schedule (Doc. No. 54) pending the Court's ruling on its motion to strike.  Kroger opposes both motions.

As is relevant here, the scheduling and case management orders entered by the Court (Doc. Nos. 37 & 43) required the parties to submit, in accordance with S.D. Ohio Pat. R. 105.2(d), their Joint Claim Construction and Prehearing Statement to the Court by July 18, 2011.  Local Patent Rule 105.2(d)(iii) requires the parties to

> identif[y] . . . the terms or phrases the construction . . . of which will be most significant to the resolution of the case <u>up to a maximum of ten (10)</u>.  If the parties cannot agree on the ten (10) most significant terms, the parties shall identify the ones that they do agree are most significant and then they shall evenly divide the remainder with each party identifying what it believes are the remaining most significant terms. <u>The total terms identified by all parties as most significant cannot exceed ten (10) unless a party obtains leave of Court pursuant to S.D. Ohio Pat. R. 101.2 to modify this limitation</u>.  For example, in a case involving two (2) parties, if the parties agree upon the identification of five (5) terms as most significant, each may only identify two (2) additional terms as most significant; if the parties agree upon eight (8) such terms, each party may identify only one (1) additional term as most significant.

S.D. Ohio Pat. R. 105.2(d)(iii)(emphasis added).

On July 18, 2011, the parties filed their Joint Claim Construction and Prehearing Statement.  Doc. No. 45.  The parties identified five terms on which they agreed on the correct construction.  In accordance with Rule 105.2(d), the parties identified only one term on which they could agree would be one of the ten most significant terms to resolution of the case.  Additionally, also in accordance with Rule 105.2(d), each side

2

identified four additional terms each believed would be most significant to resolving the case. So far so good. The parties' claim chart, however, contains a total of 39 separate terms for construction by the Court. Not so good. Rule 105.2(d) limits the parties to ten terms for claim construction without leave of Court. No party sought leave of Court to submit 29 additional terms for construction.

The parties submitted their opening claim construction briefs on September 20, 2011. Excentus limited its claim construction brief to the nine most significant terms listed in the Joint Claim Construction and Prehearing Statement. Doc. No. 50. Not Kroger, however. Kroger's brief, as indicated, is 78 pages in length and actually discusses a total of 40 separate terms.[1] As stated, Excentus argues that Kroger's claim construction brief is in violation of the Local Civil Rules concerning the page limits on briefs and is unreasonable. The Court agrees.

As an initial matter, Kroger's brief is in violation of Local Patent Rule 105.2(d). The parties are limited to ten total terms for construction by the Court. Kroger did not seek leave to submit additional terms and certainly has not shown good cause

---

[1] Excentus's brief indicates that Kroger has submitted 41 terms for construction while the Court only counts 40 terms. The discrepancy is immaterial, however, since the parties are limited to ten terms under the local rule.

3

for exceeding the limit established by Rule 105.2(d). The Court will not be construing 39, or 40, or 41 separate patent terms. The Court will be construing the nine most significant terms identified by the parties. Additionally, Kroger apparently believes that S.D. Ohio Civ. Rule 7.2(a)(2), which establishes the relevant page limits on briefs, does not apply during claim construction proceedings. It does. See S.D. Ohio Pat. R. 101.2 ("The Local Civil Rules of this Court shall also apply to these actions, except to the extent that the Local Civil Rules are inconsistent with these Local Patent Rules.").

Accordingly, Excentus's motion to strike Kroger's opening claim construction brief is well-taken and is **GRANTED.** Kroger shall file an amended opening claim construction brief that complies with Local Patent Rule 105.2, i.e., discusses only the nine most significant terms, and S.D. Ohio Civ. R. 7.2(a)(2) within fourteen (14) days of the date of this order. Excentus's motion to stay the briefing schedule is well-taken and is **GRANTED.** Excentus shall file its response to Kroger's revised opening claim construction brief within thirty (30) days of service of Kroger's revised brief.

**IT IS SO ORDERED**

Date October 13, 2011         s/Sandra S. Beckwith
                              Sandra S. Beckwith
                        Senior United States District Judge